IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **Silvestre Garcia Jr,** **Plaintiff** | |
| V | **Civil Action No.:1:23-cv-1532-DII** |
| **State Farm Mutual Automobile Insurance Company, Defendant** | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO THE MAGISTRATE RECOMMENDATION

This court has jurisdiction if the amount in controversy is greater than $75,000. For claims for the benefits of an insurance policy, when the damages exceed the value of the insurance policy the question is that of the legal possibility of claims presented. What is the legal possibility of the claims presented by Plaintiff when he brings claims for benefits under a $50,000, Underinsured Motorist Policy and Texas Declaratory Judgment Act attorney's fees?

### A.     Facts

This matter stems from a car wreck that occurred on March 27, 2022. Plaintiff settled with the underlying tortfeasor and brought a lawsuit against his underinsured motorist carrier for the benefits of the policy: $50,000. The only claims in the lawsuit were for a declaratory judgment that Plaintiff was entitled to the benefits of the policy and a claim for attorney's fees under the Texas Declaratory Judgment Act.

There is no dispute that:

- The parties are diverse; and
- The limits of the claim at issue are $50,000.00.

The only matter at issue is the amount in controversy.

The Magistrate made the following findings underlying his recommendation:

- Garcia has established to a legal certainty that his claim is for less than $75,000.
- The $50,000 policy limit caps State Farm's potential liability for the underinsured motorist benefits claims and provides the measure of the Garcia's maximum possible recovery in this suit.

Based on these findings the Magistrate recommended Plaintiff's Motion to Remand be Granted.

## B.  Legal Standard

**Defendant's Objection is Not Specific and Therefore the Recommendation is Entitled Only to Review for Clear Error**

Without a specific objection the report and recommendation is reviewed for clear error. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A objection that simply rehashes or mirrors the underlying claims is not sufficient to entitle the party to de novo review. *See Mark v. Spears,* No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); see also *United States v. Morales,* 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)). Defendant's objection rehashes the same argument: Plaintiff's damages are in excess of the insurance policy. Plaintiff

emphatically agrees. That, however is not the controlling question in the analysis, but rather what is the legal possibility of the claims presented. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348. (5th Cir. 2023).

The most Plaintiff could get under the claims presented in Federal Court is $50,000. Texas courts have settled that an Underinsured Motorist Carrier has no duty to pay claims for benefits until a judgment is entered against them. *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 818 (Tex. 2006). The action under the UDJA is the correct method to legally determine those benefits. *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263 (Tex. 2021). Plaintiff thus, following *Brainard* and its progeny is presenting a claim for the benefits of that policy.

Defendant cites no law that Plaintiff would be entitled to more than $50,000 for the benefits of the $50,000.00 policy.[1] Nor does Defendant address whether Plaintiff's claim for attorney's fees under the Texas UDJA is viable in Federal Court. It is not. *Utica Lloyds v. Mitchell*, 138 F.3d 208 (5th Cir. 1998). Rather Defendant reasserts its position that Plaintiff's claimed damages are far in excess of $50,000.00. But "if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold the fact that a claimant wants more money does not increase the amount in controversy." " *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).Claimant wants more money but Texas Courts have determined otherwise. Therefore, because Defendant fails to address the fundamental finding of the Magistrate Recommendation it is not entitled to a de novo review. Because there

---

[1] Plaintiff is eager to read such case law.

is no evidence of clear error Defendant's objection must be denied and the report and recommendation should be adopted.

### C. Argument and Authorities

**Considering the Claims and the Nature of the Damages Sought the Amount in Controversy is $50,000.**

The claims and nature of the damages sought create a legal possibility of Plaintiff recovering at most $50,000 in Federal Court. Defendant mischaracterizes the claims brought by Plaintiff as additive. The claims are described as " a judicial declaration that he is entitled to a $50,000 policy **as well as** recovery [for] damages." (emphasis added) This is an incorrect characterization of Underinsured Motorist Claims. It is the finding of the court that:

1) Plaintiff is a covered person;

2) tortfeasor was underinsured; and

3) Plaintiff has damages in excess of the underlying policy

that ultimately support the declaratory judgment that he is entitled to $50,000 under the policy and make Defendant obligated to pay. *See generally, Irwin* 627 S.W.3d 263.

Defendant mischaracterizes Plaintiff's damages as "extracontractual claims."[2] But Plaintiff brought no claims other than for the benefits of the policy and attorneys' fees. Defendant refers to no such specific claim brought by Plaintiff. There is no identifion of what these claims are, in what theory of liability do they sound, or what the legal possibility of those claims could be. It was common in the

---

[2] ECF 9 Page 4, 7

past to bring extracontractual claims under the Texas Deceptive Trade Practices Act or Texas Insurance Code to help enforce UIM claims. No such claim was brought here.

Defendant's reliance on *Greenberg* is misplaced because it involved a claim for a homeowner's insurance policy. *St Paul Reinsurance v. Greenberg,* 134 F.3d 1250 (5th Cir 1998). The court read insurance code claims into the demand, therefore finding the amount in controversy exceeded the policy. *Id.* But UIM claims are special in requiring that initial judgment against them. *Brainard,* 216 S.W.3d 809. The insurance code sections regarding underinsured motorist policies specifically carved out the special requirements for underinsurance. *Id.* at 818. Because no claims for insurance code violations were brought the legal possibility does not expand to include those possible claims. Plaintiff is thus capped in Federal Court at $50,000.00.

**The Value of the Claim for Damages Controls the Court's Jurisdictional Analysis: The Value of the Claim is $50,000 because it is a $50,000 Policy**

*Love* is the correct analysis to use in this case but is factually dissimilar. In *Love* a third party was attempting to collect a default judgment against the Defendant insurance carrier for a motor vehicle collision. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348. (5th Cir. 2023). The default judgment was in excess of the underlying policy. *Id.* The court in *Love* held the third party brought a *Stowers* claim to specifically collect more than the value of the policy. *Id.* Because the *Stowers* claim had a legal possibility greater than the jurisdictional limit, diversity jurisdiction existed. *Id*

No *Stowers* claim was brought here as it is not available to an underinsured motorist recipient. No claim for Insurance Code violations or Deceptive Trade Practices were brought. The claim is only for the $50,000 benefits under the policy.

Moreover, piercing the petition shows that the claims presented were just for the benefits of the policy. The court may review underlying documents to see if some other claim exists. *Love*, 71 F.4th 348, at n.3 (finding the existence of the *Stowers* claim). Here, Plaintiff's demand to the Defendant, after detailing Plaintiff's myriad injuries, Plaintiff demanded the limits of the policy.[3]

> Therefore, Silvestre Garcia is making this claim under his underinsured motorist coverage and personal injury protection benefits in effect at the time of the crash. It is our understanding that Silvestre carried underinsured motorist benefits with State Farm Insurance Company with a policy limit of $50,000.00 per person / $100,000.00 per incident. **Accordingly, Silvestre hereby demands payment of the full $50,000.00 under said policy**. Please provide me with a copy of my client's declarations page to confirm that this is the policy limit.

Unlike *Love* or *Greenberg* there is no threat of a Stowers claim or anything else. *Id.* Because no extracontractual claim exists the legal possibility is $50,000, and is below the jurisdictional limit of this court.

## PRAYER

Plaintiff presented Defendant damages to be paid under an insurance policy. Defendant refused, but has now invoked those damages in motions, responses, and objections as something for this Court to take seriously. They are real, serious, and permanent. But they do not change the legal possibilities in front of them. The most Plaintiff could ever receive in Federal Court from the claims presented is $50,000. For this reason Plaintiff pray the court Deny Defendant's Objection, adopt the

---

[3] ECF 4-2 Pg 2

recommendation, and Grant Plaintiff's Motion to Remand and for any and all other relief to which he is entitled.

        Respectfully submitted,

        **THE CARLSON LAW FIRM, P.C.**

        1717 N. IH-35
        #305
        Round Rock, Texas 78664
        512-671-7277
        512-238-0275 (fax)

By: _____
Roberto Flores
SBN: 24074211
Rflores@carlsonattorneys.com

CERTIFICATE OF SERVICE

I hereby certify that on this **03/13/24**, a true and correct copy of the above and foregoing document was served via electronic service on the following counsel of record:

GERMER BEAMAN & BROWN PLLC
One Barton Skyway 1501
South Mopac Expressway,
Suite A400 Austin, Texas 78746
(512) 472-0288 (t)
(512) 472-9260 (f)
W. Paul Miller State Bar
wpm-svc@germer-austin.com
Jamie Giron
State Bar No. 24113608
jgiron@germer-austin.com
ATTORNEYS FOR DEFENDANT

_____
Roberto Flores